IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-33-FL-1
No. 7:11-CV-144-FL

| | |
|---|---|
| JOSHUA HUNT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion for reconsideration (DE 143) of the court's order dismissing his motion to vacate pursuant to 28 U.S.C. § 2255 ("2255 petition"), as well as petitioner's motion to vacate the court's judgment of dismissal pursuant to Federal Rule of Civil Procedure 60(b) (DE 146). For the reasons given below, the court DENIES these motions.

## BACKGROUND

On August 3, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to the following charges:

• Two counts of interfering with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2;

• Carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2;

• Two counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2; and

• Possession with intent to distribute more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).

The court sentenced petitioner on November 10, 2009, to a total of 630 months imprisonment on

these charges. At sentencing, the court found that petitioner was a career offender, which had the effect of raising his criminal history category from a IV to a VI and increasing his guideline sentencing range. Petitioner appealed his conviction and sentence, but the Fourth Circuit Court of Appeals found the appeal waiver in his plea agreement barred by his appeal. See DE 129.

Petitioner then filed his 2255 petition, moving to vacate his sentence on ground of ineffective assistance of counsel (DE 132). Petitioner asserted that counsel recommended a guilty plea without sufficiently investigating petitioner's criminal history, and therefore failed to inform petitioner he would be considered a career offender. Petitioner's motion did not substantially follow the form appended to the Rules Governing § 2255 Proceedings ("Habeas Rules"). Therefore his 2255 petition was not in compliance with Habeas Rule 2(c) and this court's Local Civil Rule 81.2. On July 16, 2011, the court entered an order directing the clerk to provide a copy of the appropriate form to petitioner and requiring him to complete the form in its entirety, sign it under penalty of perjury and file the original and two copies with the Clerk within fourteen (14) days of the filing of the order. The order was filed on July 18, 2011.

On December 2, 2011, where no action had been taken by petitioner, the court entered an order dismissing the action without prejudice. Over eight months later, petitioner filed the instant motion for reconsideration (DE 143). He subsequently filed the instant motion to vacate judgment (DE 146). Issues raised are ripe for ruling.

**COURT'S DISCUSSION**

A.   Petitioner's Motion for Reconsideration

Petitioner's motion for reconsideration is in letter form. He therein asserts that upon learning of the court's December 2, 2011, order dismissing his 2255 petition, he sent the court a "letter of

2

explanation," explaining his difficulties as a *pro se* litigant in prison, and assuring the court that he filed his 2255 petition in good faith according to his understanding of proper procedures. He asks that the court respond to that earlier letter. The court construes this as a motion for reconsideration of its order dismissing petitioner's 2255 petition.

A motion to reconsider a final judgment may be filed pursuant to Rule 59(e) or Rule 60(b). Petitioner does not state whether his motion is made pursuant to Rule 59(e) or 60(b). Documents filed *pro se* are, however, to be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore the court will consider the motion as filed pursuant to both Rule 59(e) and Rule 60(b). See Deane v. Marshalls, Inc., No. 5:11-CV-135, 2012 WL 6622136, at *1 (W.D. Va. Dec. 18, 2012) (construing *pro se* plaintiff's motion for reconsideration as made pursuant to both Rule 59(e) and Rule 60(b) where she did not specify in the motion).

Insofar as petitioner's motion is made pursuant to Rule 60(b), the court finds that it has been mooted by petitioner's subsequent motion to vacate judgment filed pursuant to Rule 60(b). The court therefore turns to consider petitioner's motion under Rule 59(e).

Rule 59(e) permits a court to alter or amend a judgment. See Fed.R.Civ.P. 59(e). A motion to reconsider made pursuant to Rule 59(e) must be filed no later than twenty eight (28) days after entry of judgment. Fed. R. Civ. P. 59(e). The decision is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir.2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir.1995). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal punctuation omitted). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening

3

change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. Bogart, 396 F.3d at 555.

In this case, petitioner's motion was filed in letter form over eight months after entry of judgment, well outside the twenty-eight (28) day deadline established by Rule 59(e). In the motion, however, petitioner makes reference to an earlier letter that he sent immediately after being informed of the dismissal of his motion to vacate. The court has no record of this earlier letter, but petitioner states that this letter explains his failure to properly file his 2255 petition as a result of his *pro se* status. Construing this purported earlier letter as petitioner's actual motion to reconsider – and assuming that such a letter requesting reconsideration was timely sent – petitioner's motion nevertheless fails on the merits. Petitioner seeks reconsideration of the court's dismissal of his petition for failure to properly re-file his 2255 petition based upon petitioner's status as a *pro se* litigant, but such status does not relieve him of the duty to follow the rules and court orders. See Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention. . . ."); United States v. Beckton, --- F.3d ----, 2014 WL 211886, at *3 n.* (4th Cir. 2014) ("Appearing *pro se* does not relieve a litigant of his obligation to follow legitimate rules.").

Petitioner failed to properly file his 2255 petition. By order entered July 18, 2011, the court directed the clerk to provide petitioner with the appropriate form for his petition, and directed petitioner to return that form within fourteen (14) days of the filing of the order, warning him that should he fail to do so, the court may dismiss his action. Petitioner failed to respond in any way, and his status as a *pro se* litigant does not excuse his failure to follow legitimate rules. Therefore his motion to reconsider, even assuming it was timely made, is properly denied.

4

B.  Petitioner's Motion to Vacate Judgment

Subsequent to filing the above motion for reconsideration, petitioner also filed a motion to vacate the court's judgment of dismissal pursuant to Federal Rule of Civil Procedure 60(b).

Petitioner asserts that on December 13, 2012, he was transferred from F.C.I. Talladega, where he had been incarcerated, to a different location. He maintains that this transfer prevented him from resubmitting his 2255 petition in a timely manner. He further contends that because his original 2255 petition was filed within the statute of limitations period set by 28 U.S.C. § 2255(f), the court's order dismissing the same is void. He moves for relief pursuant to Rule 60(b)(1), (4), and (6). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons including "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under rule 60(b) must be made within a reasonable time– and for reason[] (1) . . . no more than a year after the entry of judgment . . . ." Fed. R. Civ. P. 60(c)(1).

This court's judgment dismissing petitioner's motion to vacate was entered December 2, 2011. Petitioner did not file the instant motion to vacate judgment until August 16, 2013, well outside the one-year period allowed to file a motion pursuant to Rule 60(b)(1) allowed by Rule 60(c)(1). Thus, to the extent petitioner moves to vacate pursuant to Rule 60(b)(1), his motion is untimely.

Petitioner also moves to vacate the court's judgment dismissing his 2255 petition pursuant to Rule 60(b)(4) and (6), asserting that this judgment was void where his petition was timely filed and therefore dismissal was inappropriate. The court, however, did not dismiss petitioner's 2255

5

petition as untimely, rather the petition was dismissed where it was incorrectly filed, and petitioner failed to re-file a corrected petition within the time given by the court. Furthermore, petitioner's assertion that he could not timely re-file a corrected petition because he lost certain items in a transfer from F.C.I. Talladega is without merit. The court's order directing petitioner to re-file within fourteen (14) days was entered July 18, 2011. Petitioner does not contend that he was transferred until December 13, 2012. This transfer would not prevent his timely re-filing his petition. Accordingly, petitioner's motion to vacate judgment is denied.

## CONCLUSION

For the foregoing reasons, the court DENIES petitioner's motion to reconsider (DE 143) and DENIES petitioner's motion to vacate judgment (DE 146).

SO ORDERED, this the 3rd day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge