IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-33-FL-1
NO. 7:16-CV-235-FL

| | |
|---|---|
| JOSHUA HUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 196), which challenges petitioner's convictions and sentence for two counts of possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). For the reasons that follow, the court denies petitioner's motion to vacate.

**BACKGROUND**

On August 3, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (counts 2 and 7); carjacking, in violation of 18 U.S.C. § 2119 (count 5); two counts of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (counts 10 and 12); and possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count 15). On November 10, 2009, the court sentenced petitioner to concurrent terms of 210 months' imprisonment on counts 2, 7, and 15, a concurrent term of 180 months' imprisonment on

count 5, a consecutive term of 120 months' imprisonment on count 10, and a consecutive term of 300 months' imprisonment on count 12, producing an aggregate custodial sentence of 630 months.

On June 27, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) convictions and career offender designation should be vacated in light of Johnson. On August 4, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay that same day. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 24, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 16, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Petitioner filed supplemental brief on January 23, 2020, conceding that Mathis forecloses his claims. Respondent filed supplemental brief on February 3, 2020, arguing petitioner's § 2255 motion should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

# DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of discharging a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of 10 years' imprisonment for the first conviction, and mandatory consecutive sentence of 25 years' imprisonment for the second conviction.  18 U.S.C. § 924(c)(1)(A)-(C).  The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime.  Id. § 924(c)(1)(A).  Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offenses qualify as crimes of violence under subsection (c)(3)(A) (the force clause), his convictions remain valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offenses are carjacking and Hobbs Act robbery.[1] The Fourth Circuit has held that these offenses qualify as crimes of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"); United States v. Evans, 848 F.3d 242, 244, 247 (4th Cir. 2017). Accordingly, petitioner's § 924(c) convictions remain valid, notwithstanding Davis and Simms. As to petitioner's challenge to his advisory career offender enhancement, the claim is not cognizable in a habeas corpus proceeding. See United States v. Foote, 784 F.3d 931 (4th Cir. 2015); see also Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding advisory sentencing Guidelines are not subject to void-for-vagueness challenge based on Johnson and its progeny).

C.  Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

---

[1] The indictment charged petitioner with possessing a firearm in furtherance of substantive carjacking and Hobbs Act robbery as charged in counts 9 and 11, respectively, both of which were dismissed at sentencing. (DE 1, 103). Petitioner's § 924(c) convictions, however, do not require convictions on the predicate crimes of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority).

4

petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate (DE 69) is DENIED. A certificate of appealability is DENIED. The clerk is directed to close the instant § 2255 proceedings.

SO ORDERED, this the 23rd day of October, 2020.

                                              LOUISE W. FLANAGAN
                                              United States District Judge